# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 1, 2017

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

155245 & (93)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ELISAH KYLE THOMAS,
      Defendant-Appellant.

_____/

SC: 155245
COA: 326311
Wayne CC: 14-009512-FC

On October 25, 2017, the Court heard oral argument on the application for leave to appeal the December 8, 2016 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals.

Due process concerns arise when law enforcement officers use an identification procedure that is both suggestive and unnecessary. *Perry v New Hampshire*, 565 US 228, 238-239 (2012). But a defendant's right to due process of law is not violated unless the photographic identification procedure is so impermissibly suggestive that it gives rise to a substantial likelihood of misidentification. *People v Gray*, 457 Mich 107, 111 (1998); *Simmons v United States*, 390 US 377, 384 (1968). A police officer showing a victim just a single photograph "is one of the most suggestive photographic identification procedures that can be used." *Gray*, 457 Mich at 111 (quotation marks and citation omitted). In this case, the police officer's presentation of a single photograph to the victim accompanied by the question "was this the guy who shot you?" was highly suggestive. Moreover, insufficient record evidence exists to conclude that the trial court erred when, in determining whether the suggestive procedure was necessary under the circumstances, it found this case distinguishable from the mortal exigency present in *Stovall v Denno*, 388 US 293, 301-302 (1967).[1] Specifically, the trial court did not find that exigency required an expedited identification procedure or that a less suggestive identification procedure would have been too burdensome to conduct; and our review of the record reveals insufficient evidence from which to draw such conclusions.

---

[1] *Stovall* was abrogated on other grounds by *Griffith v Kentucky*, 479 US 314, 326 (1987) (discussing retroactivity).

The United States Supreme Court has held that reliability is the ultimate touchstone for admissibility of an identification. See *Manson v Brathwaite*, 432 US 98, 114 (1977). Accordingly, even an unnecessarily suggestive identification may be admitted if it is sufficiently reliable. *Perry*, 565 US at 238-239. The trial court determined that the identification was unreliable under the totality of circumstances. See *People v Kurylczyk*, 443 Mich 289, 306 (1993) (opinion by GRIFFIN, J.); *Neil v Biggers*, 409 US 188, 199 (1972). The parties do not dispute the facts relating to the identification: the victim viewed the assailant's partially obscured face for no more than seven seconds on a dark city street with no streetlights while a gun was pointed at him. The description the victim gave to police officers was generic and could have described many young men in the area; moreover the victim's description of the assailant changed between his first interview and his follow-up interview at the hospital. Accordingly, the trial court determined that the single photograph identification was sufficiently unreliable that it should be suppressed.

We agree with the trial court's assessment of reliability based on the relevant totality of the circumstances. Similarly, the trial court did not err in determining that the victim's in-court identification lacked an independent basis sufficient to "purge the taint caused by the illegal" identification procedure used here. *People v Kachar*, 400 Mich 78, 97 (1977); *Gray*, 457 Mich at 114-117. We REINSTATE the Wayne Circuit Court's February 6, 2015 judgment dismissing charges. The motion to remand is DENIED.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 1, 2017



Clerk

d1030